# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON M. MYERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUTOZONERS, LLC, d/b/a AUTOZONE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 18-760 <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

This is an employment discrimination case wherein Plaintiff Damon Myers ("Plaintiff") contends that he was subject to race discrimination and retaliation by Defendant Autozoners, LLC d/b/a AutoZone ("AutoZone" or "Defendant"). (Docket No. 1). The facts in this case are well known to the parties, and, given that the Court writes only for them, a detailed recitation of the facts is not necessary. Pending before the Court is AutoZone's Motion to Dismiss Plaintiff's Complaint. (Docket No. 15). Upon consideration of Plaintiff's complaint, the motion to dismiss, the brief in support, the brief in opposition, the reply brief, and all of the parties' supporting exhibits, for the following reasons AutoZone's Motion to Dismiss [15] is GRANTED in part and DENIED in part.

Plaintiff concedes that Count II of his Complaint, a retaliation claim, should be dismissed given that it is precluded by an earlier order. (Docket No. 19 at 2). Accordingly, AutoZone's motion to dismiss is granted to the extent that it seeks dismissal of Count II, Plaintiff's retaliation claim.

However, AutoZone's motion to dismiss is denied to the extent that it seeks to have Count I dismissed, a wrongful discharge claim based on race. (Docket No. 1). AutoZone argues that

based on this Court's earlier order, Plaintiff's claim is barred under the doctrine of res judicata. (Docket No. 15). This Court has the inherent authority to interpret its own orders. *See, e.g., United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005); *see also SEC v. Hermil, Inc.*, 838 F.2d 1151, 1153 (11th Cir. 1988) ("Included in a district court's power to administer its decrees is the power to construe and interpret the language of the original order."); *E.E.O.C. v. U.S. Steel Corp.*, 877 F. Supp. 2d 278, 282 (W.D. Pa. 2012); *Myers v. AutoZoners, LLC*, No. CV 16-1312, 2017 WL 6316586, at *10 (W.D. Pa. Dec. 11, 2017) (*citing In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 243-45 (3d Cir. 2013) (a district court has discretion to interpret its own orders).

To that end, in this Court's earlier memorandum opinion dated December 11, 2017, this Court made clear that Plaintiff's wrongful discharge claim remained a viable claim and had not been dismissed by earlier orders or by the settlement agreement effectuated between the parties. (Docket No. 16-6 at 21, 23). When this Court stated it was "dismiss[ing] that entire claim with prejudice" at the July 10, 2017 hearing, the Court was referring specifically to Plaintiff's hostile work environment claim and not all of Plaintiff's section 1981 claims as AutoZone suggests. (Docket No. 22 at 3). It also appears to the Court that although the Plaintiff proceeded for a period of time *pro se*, he ultimately was able to obtain a lawyer and complied with this Court's May 8, 2018 Order to file a Complaint by June 8, 2018 or risk dismissal. (Docket Nos. 1, 16-9). Accordingly, Plaintiff may proceed with this claim.

For these reasons, IT IS HEREBY ORDERED:

(1) Defendant's Motion is GRANTED to the extent that it seeks dismissal with prejudice of Count II;

(2) Defendant's Motion is DENIED to the extent that it seeks dismissal of Count I, a wrongful discharge claim; and

(3) Defendant shall file an answer on or before **February 22, 2019**.

*/s Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 7, 2019
cc/ecf: All counsel of record.